UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WHITNEY S. REYNOLDS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause No. 2:13-cv-32-WTL-WGH |
| ) | |
| CELLULAR SALES OF ) | |
| KNOXVILLE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION TO COMPEL ARBITRATION**

The cause is before the Court on the Defendants' motion to compel arbitration.[1] Dkt. No. 25. The motion is fully briefed, and the Court, being duly advised, rules as follows.[2]

**I.    BACKGROUND**

The Plaintiffs, current and former employees of the Defendants[3] (hereinafter "Cellular Sales"), bring the instant action alleging violations of the Fair Labor Standards Act ("FLSA")

---

[1] Cellular Sales brought its motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and sections 3 and 4 of the Federal Arbitration Act. This Court has jurisdiction over this controversy because some of the Plaintiffs' claims arise under federal law – the Fair Labor Standards Act – and it has supplemental jurisdiction over the state law claims; dismissal under 12(b)(1) is therefore inappropriate. Likewise, Cellular Sales does not in substance contend that the Plaintiffs have failed to state a claim; dismissal under 12(b)(6) is therefore also inappropriate. Rather, Cellular Sales' motion is in substance a motion pursuant to 9 U.S.C. § 4 to compel arbitration, and the Court treats it as such.

[2] The Plaintiffs' motion to strike Cellular Sales' notice of supplemental authority (Dkt. No. 42) is **GRANTED**. Cellular Sales' motion for leave to file an amended notice of supplemental authority (Dkt. No. 44) is **DENIED**. The Plaintiffs' motion for oral argument (Dkt. No. 43) is **DENIED**. See Local Rule 7-5(d)(1) (court may grant or deny motion for oral argument in its sole discretion).

[3] The Court notes that Defendant Cellular Sales of Knoxville, Inc. joins in the motion despite its contention that the Plaintiffs never worked for it and its challenge to personal jurisdiction, although its motion to dismiss for lack of personal jurisdiction has been withdrawn.

and the Indiana Wage Payment Act. When each Plaintiff became an employee of Cellular Sales in 2012, he or she executed a Compensation Agreement. In pertinent part, that Compensation Agreement provides:

> All claims, disputes, or controversies arising out of, or in retaliation to this document or Employee's employment with Company shall be decided by arbitration utilizing a single arbitrator in accordance with the Expedited Labor Arbitration Procedures of the American Arbitration Association ("AAA"). If the parties mutually agree that the claims, disputes, or controversies are not properly subject to the Expedited Labor Arbitration Procedures of the AAA, the parties may agree to apply different Rules of Arbitration, including the Commercial Arbitration Rules of the AAA. Employee hereby agrees to arbitrate any such claims, disputes, or controversies only in an individual capacity and not as plaintiff or class member in any purported class, collective action, or representative proceeding. The arbitration shall be held in a county of the state in which Company has employed Employee. The parties agree that no arbitrator has the authority to (i) award punitive damages or any other damages not measured by the prevailing party's actual damages, or (ii) order consolidation, class arbitration, or collective action arbitration. The decision of the arbitrator shall be final, binding, and enforceable in any court of competent jurisdiction and the parties agree that there shall be no appeal from the arbitrator's decision. All statutes of limitation that would otherwise be applicable shall apply to any arbitration proceeding. The right to arbitrate shall survive termination of Employee's employment with the Company. Except for the exchange of documents that the parties intend to use to support their claims and defend against the other parties' claims, there shall be no interrogatories, depositions or other discovery in any arbitration hereunder. The parties acknowledge and agree that Employee's employment with company includes activities in interstate commerce and that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. shall control and apply to all arbitrations conducted hereunder, notwithstanding any state law provisions to the contrary. Each party shall bear its own legal expenses, including but not limited to, court costs, discretionary costs, if any, and any other costs of protecting said party's interests.

Cellular Sales now seeks to compel the Plaintiffs to arbitrate their claims pursuant to this provision.[4]

---

[4] Apart from an agreement to arbitrate an underlying dispute, parties may agree to arbitrate arbitrability. Importantly, however, "[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944-45 (1995). Neither party to this case argues that they have agreed to arbitrate the question of arbitrability.

## II. DISCUSSION

Under the Federal Arbitration Act ("FAA"), a written provision in a contract providing for the settlement of contractual disputes by arbitration is "valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for revocation of any contract." 9 U.S.C. § 2. A party seeking to resolve a dispute by arbitration pursuant to contract may petition the court for an order compelling arbitration. 9 U.S.C. § 4. "Upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* In conducting this analysis, "a federal court should look to the state law that ordinarily governs the formation of contracts." *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997). Under Indiana law, which the parties agree applies in this case, "the party seeking to compel arbitration has the burden of demonstrating the existence of an enforceable arbitration agreement." *Id.*

At the outset, the Court notes that an employee and an employer may contractually agree to submit federal claims, including FLSA claims, to arbitration. *Gilmer v. Interst./Johnson Lane Corp.*, 500 U.S. 20, 35 (1991). Indeed, the parties do not dispute this point; in addition, they do not dispute that an agreement to arbitrate was made and that the present dispute is covered by that agreement. Under the statute and Indiana law, then, that should be the end of the matter. Of course, the existence of this entry belies that conclusion.

Although the Plaintiffs are not opposed to arbitration on principle, they contend that they should not be compelled to arbitrate according to the terms of the Compensation Agreement. According to the Plaintiffs, the parties' chosen procedures – the AAA Expedited Labor Arbitration Procedures – as well as the procedural provisions of the arbitration clause in the

Compensation Agreement prevent them from effectively vindicating their statutory causes of action in the arbitral forum. Specifically, the Plaintiffs interpret the procedure in the agreement as (1) eliminating discovery; (2) waiving attorney's fees, costs, and expenses; (3) waiving statutory damages; and (4) shifting the costs of arbitration to them.

Challenges to the adequacy of arbitration remedies have nothing to do with whether the parties agreed to arbitrate or if the claims are within the scope of that agreement; these challenges must therefore first be considered by the arbitrator. *Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 807 (7th Cir. 2003). Likewise, challenges to procedure – whether in the form of AAA procedural rules or contractual provisions – do not bear on the question of whether an agreement was made or whether a claim is within the scope of the agreement. *Blue Cross Blue Shield of Mass., Inc. v. BCS Ins. Co.*, 671 F.3d 635, 639 (7th Cir. 2011). Accordingly, the Plaintiffs' contentions regarding procedure and remedies do not render the agreement to arbitrate unenforceable.[5]

That leaves the Plaintiffs' contention that the cost of arbitration renders it inadequate as an alternate forum to the court. The Supreme Court has recognized that "[i]t may well be that the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights in the arbitral forum." *Green Tree Fin. Corp-Ala. v. Randolph*, 531 U.S. 79, 90 (2000); *see also Amer. Exp. Co. v. Italian Colors Rest.*, 133 S.Ct. 2304, 2310-11 (2013) (addressing class-action waiver, but acknowledging that "effective vindication" exception

---

[5] To rule on the adequacy of procedures or contractual remedies when a protocol has not yet been set up and a remedy has yet not been awarded, denied, or deemed waived– even if, as the Plaintiffs contend, a certain remedy *must* be awarded in the event they prevail – would be to issue an advisory opinion. *Blue Cross*, 671 F.3d at 639. In the unlikely event that the arbitrator deems waived statutory rights that are nonwaivable under the applicable statutes, a motion pursuant to 9 U.S.C. § 10 would be appropriate. *See Amer. Exp. Co.*, 133 S.Ct. at 2310-11 (addressing class-action waiver but noting that "effective vindication" exception "would certainly cover . . . an arbitration agreement forbidding the assertion of certain statutory rights").

"would perhaps cover filing and administrative fees attached to arbitration that are so high as to make access to the forum impracticable"). However, where "a party seeks to invalidate an arbitration agreement on the ground that the arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree*, 531 U.S. at 90. Such a showing requires evidence indicating how the plaintiff's financial situation would be factored into an assessment of arbitration costs under a hardship provision, if applicable, and evidence concerning the comparative expense of litigating her claims. *James v. McDonald's Corp.*, 417 F.3d 672, 679-80 (7th Cir. 2005). "The cost differential between arbitration and litigation is evidence highly probative to [a plaintiff's] claim that requiring her to proceed through arbitration, rather than through the courts, will effectively deny her legal recourse." *Id.*

  Here, the Plaintiffs contend that, pursuant to the Compensation Agreement, they must pay one-half of the arbitration costs and the arbitrator's fees. The prohibitive nature of the Expedited Rules' fee-shifting structure, the Plaintiffs argue, is made plain when compared to the AAA's companion rules for employer-promulgated arbitration plans under the Employment Arbitration Rules and Mediation Procedures, which limit plaintiffs' costs to a $175.00 filing fee. However, as the Plaintiffs point out, the total cost of arbitration is much higher: a recent study of AAA employment arbitrations found the "mean arbitration fees were $6,340 per case overall, $11,070 for cases disposed of by an award following a hearing, and in 97 percent of these cases the employer paid 100 percent of the arbitration fees beyond a small filing fee, pursuant to AAA procedures." Alexander Colvin, *An Empirical Study of Employment Arbitration: Case Outcomes and Processes*, 8 J. of Empirical Legal Stud. 1 (2011).

  Regardless of this argument, the Plaintiffs fall far short of the showing required under *Green Tree* and *James*. At a minimum, they have not compared the costs of arbitrating this case

5

to the costs of litigating it. The Plaintiffs' concern is therefore far too speculative to justify the invalidation of the arbitration agreement. *See Amer. Exp. Co.*, 133 S.Ct. at 2311 ("the fact that it is not worth the expense involved in *proving* a statutory remedy does not constitute the elimination of the *right to pursue* that remedy") (emphasis in original).

The Plaintiffs also argue in the alternative that "multiple provisions" in the contract render it void as a whole and therefore the arbitration provision is unenforceable. The Plaintiffs' argument is simply without merit. "As a matter of federal substantive arbitration law, an arbitration provision is severable from the remainder of the contract." *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2778 (2010) ("[A] party's challenge to another provision of the contract, or to the contract as whole, does not prevent a court from enforcing a specific agreement to arbitrate."). Accordingly, the alleged invalidity of the contract does not impugn the enforceability of the arbitration provision currently before the Court.

Having concluded that this matter must proceed in arbitration, the Court must address Cellular Sales' request that the Court dismiss the action. The FAA itself requires a stay under these circumstances. 9 U.S.C. § 3; *see also Volkswagen of Amer., Inc. v. Süd's of Peoria, Inc.*, 474 F.3d 966, 971 (7th Cir. 2007).

### III.   CONCLUSION

For the reasons set forth above, Cellular Sales' motion to compel arbitration is **GRANTED,** and this case is **STAYED** pending arbitration.

SO ORDERED:   07/18/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.