# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| WHITNEY S. REYNOLDS, et al., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
|     vs. ) | CAUSE NO. 2:13-cv-32-WTL-WGH |
| ) | |
| CELLULAR SALES OF KNOXVILLE, ) | |
| INC., et al., ) | |
| ) | |
|     Defendants. ) | |

## ENTRY ON MOTION FOR RECONSIDERATION

Before the Court is the Defendants' motion for reconsideration and motion to vacate or, in the alternative, modify arbitration award (dkt. no. 60). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the following reasons.

### I.     BACKGROUND

On January 29, 2013, Reynolds filed a complaint against her former employer, Cellular Sales of Knoxville, Inc. and Cellular Sales of Indiana, LLC (collectively "Cellular Sales") for violations of the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Act ("IWPA"). On July 18, 2013, the Court granted Cellular Sales' motion to compel arbitration, and the case was stayed pending arbitration. *See* dkt. no. 48. Reynolds initiated arbitration with the American Arbitration Association ("AAA"), and a hearing was scheduled for April 7, 2014.

On February 28, 2014, Reynolds submitted her amended specification of claims and damages to the arbitrator. *See* dkt. no. 61-4. Her "FLSA minimum wage damages" totaled $4,343.82, which was premised on the allegation that she was not paid minimum wage for the first seven weeks of her employment with Cellular Sales. *Id*. On March 24, 2014, two weeks before the arbitration proceeding, Reynolds submitted a document titled "Alternate Calculation

of FLSA-Only Liquidated Damages Based Upon Cellular Sales' Late Payment of Wages." *See* dkt. no. 63-1. It reads as follows:

> In her Specification of Damages, Reynolds has proposed FLSA minimum wage damages for the period of time from February 13, 2012 to March 31, 2012 based upon a presumption that her damages under the Indiana Wage Payment Act for late payment of wages are greater than her FLSA late minimum wage payment damages and overlap her FLSA late minimum wage damages. If Reynolds were to present her calculation for her FLSA-only late payment of minimum wage damages, she would be entitled to the following:

*Id.*[1] A calculation for "late payment of minimum wage" for 39 weeks, the duration of Reynolds' employment, totaling $17,672.07 followed.

The arbitrator granted summary judgment in favor of Cellular Sales on Reynolds claim under the IWPA, finding that the IWPA did not apply to her commissions; thus, only her FLSA claim proceeded to arbitration. On May 14, 2014, the arbitrator awarded $17,672.07 to Reynolds finding that she "ha[d] proven her claims for late payment of FLSA minimum wages[.]" Dkt. No. 61-1 at 11. Both at the hearing and in post-hearing briefs, Cellular Sales objected to Reynold's 39-week FLSA claim.

On July 2, 2014, Reynolds file a motion for an order confirming the arbitration award (dkt. no. 56), which this Court granted (dkt. no. 57). Judgment was thus entered in favor of Reynolds and against Cellular Services on July 3, 2014, as follows: (1) a damage award of $17,672.07 to Reynolds; (2) an award of Reynolds' attorney's fees in the sum of $55,515.00; and (3) Reynolds' costs in the sum of $3,108.43. Cellular Sales then filed the present motion on July 11, 2014.

---

[1] The Court disagrees with Cellular Sales that there was no overlap between Reynolds' claim under the IWPA and her claim under the FLSA. Both were premised on the fact that Cellular Sales paid her in an untimely manner—anywhere from 7 to 11.5 weeks after the end of the pay period.

## II. STANDARD

Cellular Sales' motion is titled "Motion for Reconsideration and Motion to Vacate or, in the alternative, Modify Arbitration Award." The Court will construe the motion as a timely motion brought pursuant to Federal Rule of Civil Procedure 59. Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 59(e) provides the Court an opportunity to correct errors while the Court still has jurisdiction of the case. *See Sosebee v. Astrue*, 494 F.3d 583 (7th Cir. 2007). In general, to prevail on a Rule 59(e) motion, the challenging party must establish that there has been a manifest error of law or fact or that newly discovered evidence precludes entry of judgment. *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

## III. DISCUSSION

Cellular Sales argues that the arbitrator exceeded his authority and granted relief on a matter not submitted to him in violation of the Federal Arbitration Act. *See* 9 U.S.C. §§ 11(b) and 10(a)(4). The Seventh Circuit has cautioned that "[i]t is tempting to think that courts are engaged in judicial review of arbitration awards under the Federal Arbitration Act, but they are not." *Wise v. Wachovia Secs., LLC*, 450 F.3d 265, 269 (7th Cir. 2006).

> When parties agree to arbitrate their disputes they opt out of the court system, and when one of them challenges the resulting arbitration award he perforce does so not on the ground that one of the arbitrators made a mistake but that they violated the agreement to arbitrate, as by corruption, evident partiality, exceeding their powers, etc.—conduct to which the parties did not consent when they included an arbitration clause in their contract.

*Id.* With this in mind, the Court turns to Cellular Sales' arguments.

Cellular Sales' argues that

> [t]he Arbitrator clearly exceeded his authority in awarding Reynolds relief for claims that Reynolds did not properly disclose or submit to the arbitrator. . . . Reynolds asserted a claim under the FLSA for minimum wage relating only to the

3

> first *seven weeks* of her employment during February and March of 2012. In both specifications, Reynolds specified that she was seeking liquidated damages under the FLSA in the amount of $4,343.82 for these seven weeks. . . . However, at the final arbitration hearing, Reynolds, *for the first time*, claimed she was entitled to $17,672.07 in liquidated damages under the FLSA relating to *thirty-nine weeks* of her employment.

Defs.' Br. at 9. The Court disagrees with Cellular Sales.

Cellular Sales takes a strained view of the "matter" submitted to the arbitrator. The "matter" submitted was Reynolds' claim that Cellular Sales violated the FLSA by failing to pay her minimum wages in accordance with the statute. This was also the "matter" described in Reynolds' complaint. *See* dkt. no. 62-1 ¶ 36 ("Cellular Sales violated Reynolds' right to be properly paid minimum wages . . . in a manner required by the FLSA."). In finding that Cellular Sales violated the FLSA, the arbitrator did not exceed his authority, but rather ruled on precisely the matter before him. A case Cellular Sales cites illustrate this point.

In *Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc.*, 607 F.2d 649 (5th Cir. 1979), the Court reversed the arbitrators' award because "the arbitrators ignored the arbitral dispute submitted by the parties and dispensed their own brand of industrial justice." *Id*. at 652 (internal quotation marks omitted). In *Totem*, the arbitrators awarded damages for charter hire, despite the fact that those damages were never requested. Thus, if the arbitrator in this case awarded emotional distress damages to Reynolds—despite the fact that was never a type of damage in the case—the Court may very well agree with Cellular Sales. But, those are not the facts of this case; the arbitrator awarded Reynolds exactly what she requested—damages for a FLSA violation. Simply put, the arbitrator did not exceed his authority nor did he rule on a matter not before him.

Moreover, Cellular Sales claim that it only knew of the change "for the first time" at the arbitration proceeding is inaccurate. Defs.' Br. at 2. It knew at least as of March 24, 2014, when

4

it received Reynolds' submission. It also knew earlier based on Reynolds' summary judgment brief. *See* dkt. no. 62-2 at 7 ("*During the entirety of 2012*, Cellular Sales made no supplemental payment to Reynolds for any week she did not earn at least minimum wage.") (emphasis added); *id*. at 29 ("Cellular Sales admitted that it has no records and did not track whether or not Reynolds was paid the equivalent of a minimum wage *in any particular week she worked for the company*. . . . For purposed of proving FLSA liability, these admissions show that Cellular Sales was not in compliance with the FLSA's minimum wage provisions.") (emphasis added). It also had a full and fair opportunity to raise these issues with the arbitrator.

Finally, Cellular Sales argues that because it did not have notice of Reynolds 39-week FLSA claim it was unable to prepare and present evidence to rebut her allegation that she worked 55 hours a week. The Court notes that this argument is unconvincing in light of the arbitrator's finding that "Cellular Sales admitted it had no actual time records for time Reynolds spent in Cellular Sales' retail locations or for other compensable work time[.]" Dkt. No. 61-1 at 9. It is unclear to the Court how Cellular Sales would have accurately and convincingly rebutted this allegation when it admitted it failed to keep records of Reynolds' work time. More time and/or notice would not have made these records available—they were nonexistent.

### IV. CONCLUSION

In all, the Court finds that the arbitrator did not exceed his authority by ruling on a matter not submitted to him. Accordingly, Cellular Sales' motion (dkt. no. 60) is **DENIED**.

SO ORDERED: 10/29/14

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification